**Leonarda Miranda ISLA, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

No. 03–71035.
Agency No. A72–515–475.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 8, 2005.

Decided March 7, 2005.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States. Fed. R.App. P. 43(c)(2).

Orit Levit, Korenberg Abramowitz & Feldun A Law Corporation, Sherman Oaks, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Richard M. Evans, Marion E. Guyton, Attorney, William C. Peachey, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before HUG, FERGUSON, and HAWKINS, Circuit Judges.

## MEMORANDUM**

Leonarda Miranda Isla, a native and citizen of the Philippines, filed this petition for review of the Board of Immigration Appeals's decision affirming without opinion the Immigration Judge's final order of removal. We have jurisdiction to review the petition pursuant to 8 U.S.C. § 1252(a)(1) and we grant the petition.[1]

Isla asserts that she was given insufficient notice of the consequences of her acceptance of advance parole. Therefore, she argues she was improperly denied the ability to apply for adjustment of status in removal proceedings. We agree.

Isla, who was present in the country since 1992 pursuing a claim for asylum, applied for advance parole in order to travel to the Phillippines and visit her ailing father. Advance parole was granted and she was issued a parole authorization form, which stated in pertinent part:

> If your request for asylum in the United States is *denied*, you will be subject to exclusion proceedings under Section 236, of the Immigration and Nationality Act.

(emphasis added). Upon her return to the United States, Isla continued to pursue her asylum application. However, she la-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Based upon this disposition, Petitioner's pending Motion for Stay of Voluntary Departure is moot.

ter voluntarily withdrew that application to pursue other forms of relief. As a result, the Service initiated removal proceedings charging her as an "arriving alien" without valid entry documents. 8 U.S.C. § 1182(a)(7); INA § 212(a)(7).

An alien granted advance parole cannot be deprived of the substantive and procedural rights that would have otherwise been available to her prior to leaving the country if she is not given sufficient notice of the consequences of accepting advance parole. *Navarro–Aispura v. INS*, 53 F.3d 233, 236 (9th Cir.1995). Isla was not adequately informed of the consequences of her acceptance of advance parole and therefore *Navarro–Aispura* controls.

The form provided to Isla did not notify her of any other consequences of her acceptance of advance parole aside from the consequences that would befall her upon the denial of her asylum application. Specifically, the form did not inform Isla that by accepting advance parole, she would be forfeiting certain substantive and procedural rights to pursue any other forms of discretionary relief, such as the ability to apply for an adjustment of status. *Cf.* 8 C.F.R. § 245.1(c)(8). As a result, Isla was deprived of rights that would have been available to her in removal proceedings but for her acceptance of advance parole without sufficient notification. *Navarro–Aispura*, 53 F.3d at 236. Accordingly, the petition for review is GRANTED.